IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In the Matter Of: | Case No. 10-02417 (BKT) |
| MARIA MARGARITA RIVERA COSME<br>SSN: xxx-xx-0522 | Chapter 13 |
| Debtor | |

**MOTION TO QUASH CRAMDOWN AGAINST POPULAR AUTO**

TO THE HONORABLE COURT:

COMES NOW, creditor POPULAR AUTO, INC., represented by the undersigned attorney and hereby states and prays as follows:

### I. FACTUAL AND PROCEDURAL BACKGROUND

1. On March 29th 2010, debtor herein filed a Bankruptcy petition under Chapter 13 of Title 11 of the United States Code.

2. Popular Auto is a secured creditor of the above named debtor pursuant to 11 U.S.C. §101(10) and therefore, a party in interest in the instant proceeding.

3. On April 14th 2006, debtor Maria M. Rivera Cosme subscribed with appearing creditor a Conditional Sales Contract, account no. xxx-xxx-xxxxxxx-0001, regarding a 2006 Hyundai Elantra. The contract was payable in one (1) monthly installment of $404.94 and seventy-one (71) consecutive monthly installments of $317.44 each and will expire by its own terms on April 14th 2012.

4. Popular Auto filed the corresponding claim for its secured debt in the amount of $8,710.42 on April 21st 2010 (claim no. 2).

5. Debtor filed a Chapter 13 Plan dated March 29th 2010 (docket no. 2), calls for sixty (60) payments of $200.00 for a total base of $12,000.00. The plan provides for the Trustee to pay attorney's fees in the amount of $2,800.00 through the plan; the payment of the value of the collateral to Popular Auto (estimated by the debtor in the amount of $5,325.00); and pro-rata disbursements to all general unsecured creditors.

6. Popular Auto, Inc., is a domestic corporation for profit, created under the laws of Puerto Rico, registered in the Puerto Rico State Department, registry number 72383. The information was obtained from the State Department's web page. Please refer to Exhibit no. 1, included with this motion.

## II. APPLICABLE LAW AND DISCUSSION

## A. CRAMDOWN PROVISION UNDER THE BANKRUPTCY CODE

7. Section 506(a)(1) of the Bankruptcy Code, 11 U.S.C. §506(a(1)), concerning the determination of secured status reads as follows:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, <u>is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim</u>. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use or on a plan affecting such creditor's interest.
>
> (2) If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of filing of the petition without deduction for costs of sale or marketing. With respect to property acquired

.

>   for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined. (Emphasis added).

8. Basically, the statute allows the debtor to pay the value of the collateral instead of the full amount of the claim filed by the creditor. When a debtor wants to pay a secured creditor **less than the amount claimed**, we are generally speaking of a "cramdown." In other words, we are talking about a reduction of a creditor's lien or the extension of said lien over debtor's property.

9. In the case of In re Pryor, 341 B.R. 648, 651 (Bankr. C.D. Ill. 2006), the court concluded that "[a]ny plan that modifies a secured creditor's rights over the creditor's objection is a cram down." Rule 7001 of the Federal Rules of Bankruptcy Procedure establishes specifically which matters are considered adversary proceedings.[1] Rule 7001(2) states that a "proceeding to determine the validity, priority, **or extent of a lien** or other interest in property, other than the proceeding under Rule 4003(d)" is an adversary proceeding. (Emphasis added).

10. In In re Mathiason, 16 F.3d 234 (8th Cir. 1994), the court determined that if an objection is initially brought as a contested matter and later and issue comprehended under Rule 7001 is raised, it automatically becomes an adversary proceeding. See Cen-Pen Corp. v. Hanson, 58 F.3d 89, 33 C.B.C. 2d 1159 (4th Cir. 1995); Accord In re Kinion, 207 F.3d 751 (5th Cir. 2000). The rationale behind the above-mentioned decisions is that secured creditors whose liens may

---

[1] An adversary proceeding is a separate lawsuit within the context of a case and has all the attributes of a lawsuit, including all due process service requirements as well as application, with some adaptation, of the Federal Rules of

be adversely affected are entitled to unambiguous notice and opportunity to respond. See In re Loloee, 241 B.R. 655 (BAP 9th Cir. 1999).

11. If this Honorable Court determines that the action intended by the debtor ("cramdown") has to be brought by an adversary proceeding, then, service of process of the summons and complaint shall be served in the manner provided by Rule 7004 of the Federal Rules of Bankruptcy Procedure.[2] Rule 7004(b)(3) prescribes that service by first class mail may be made within the United States to "… <u>a domestic or foreign corporation</u> or upon a partnership or other unincorporated association , <u>by mailing the copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and</u>, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." (Emphasis added).

12. In the case of In re Premium Sales Corp., 182 B.R. 349 (Bankr. S.D. Fla. 1995), the court stated that an executed return of service is a *prima facie* evidence of valid service and can only be overcome by strong and convincing evidence. A receipt signed by the person designated to receive notice is conclusive evidence that the notice was received. In re Ted A. Petras Furs, Inc., 31 C.B.C.2d. 1614, 172 B.R. 170 (Bankr. E.D.N.Y. 1994), appeal dismissed, 100 F.3D 943 (2D Cir. 1997).

---

Civil Procedure. Adversary proceedings are initiated by the filing of a complaint and payment of a separate filing fee.

13. The undersigned believes that debtor did not comply with Rule 7004(b)(3), because debtor's chapter 13 plan does not indicate specifically how service to Popular Auto was made nor communications by our client has been received regarding this issue ("cramdown" provision).

WHEREFORE, creditor POPULAR AUTO, respectfully request this Honorable Court to quash debtor's Chapter 13 Plan dated March 29th 2010, for the reasons outlined in the foregoing motion.

NOTICE IS HEREBY GIVEN THAT WITHIN TEN (10) DAYS AFTER SERVICE AS EVIDENCED BY THE CERTIFICATION, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED. R. BANK. P. 9006(f) IF YOU WERE SERVED BY MAIL, ANY PARTY AGAINST WHOM THIS PAPER HAS BEEN SERVED, OR ANY OTHER PARTY TO THE ACTION WHO OBJECTS TO THE RELIEF SOUGHT HEREIN, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPIATE RESPONSE TO THIS PAPER WITH THE CLERK'S OFFICE OF THE U.S. BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO. IF NO OBJECTION OR OTHER RESPONSE IS FILED WITHIN THE TIME ALLOWED HEREIN, THE OBJECTION WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED UNLESS: (i) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (ii) THE REQUESTED RELIEF ITS AGAINST PUBLIC POLICY; (iii) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY: That on August 17th 2010, I electronically filed the foregoing with the Clerk or the Court using the CM/ECF System which will send notification of such filing to the following: Mr. Juan O. Calderon Lithgow, Esq., Attorney for debtor, Mr. Alejandro Oliveras Rivera, Esq., Chapter 13 Trustee; and a I hereby certify that I have mailed by the United

---

[2] On the other hand, if the court determines that a "cramdown" can be made through a provision in a chapter 13 plan, pursuant to Rule 3015-2 of the Puerto Rico Local Bankruptcy Rules, service of process as well has to be made according to Rule 7004(b)(3).

States Postal Service the document to the following non CM/ECF participants: Ms. Maria M. Rivera Cosme, Debtor, PO Box 1238, Morovis, P.R. 00687.

Respectfully submitted in San Juan, Puerto Rico, this 17th day of August, 2010.

s/ **EDGAR A. VEGA RIVERA**
EDGAR A. VEGA RIVERA, ESQ.
USDC- PR 212210
Attorney for Popular Auto
Consumer Bankruptcy Department
PO Box 366818
San Juan, Puerto Rico 00936-6818
Tel. (787) 753-7849; Fax. (787) 751-7827
Email: edvega@bppr.com

**Gobierno de Puerto Rico**

# Departamento de Estado

**Corporacior**

En el siguiente formulario se hace una búsqueda en el Registro Electrónico de Corporaciones. Esta búsqueda puede ser realizada por Número de la Corporación, nombre o parte del nombre de la corporación.

| Número | Nombre de la Corporación |
|---|---|
|  | POPULAR AUTO, INC. |

Buscar

Su búsqueda localizó 1 corporación

| Número Registro | Nombre de la Corporación | Tipo | Fecha Inscripción | Status | Indice Registro | |
|---|---|---|---|---|---|---|
| 72383 | POPULAR AUTO, INC. | Corporación Con Fines de Lucro Doméstica | 12-Apr-1989 | Activa | 72383-111 | Ver Info |

Departamento de Estado
San Juan, Puerto Rico

Tel. (787) 722-2121

PO Box ⁹
San Juan, Puerto Rico